IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dean Lucas, | C. A. No. 2:08-3373-HFF-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| M.L. Rivera, Warden; U. S. Attorney for the District of South Carolina; and Attorney General of the United States, | |
| Defendants. | |

This Bivens[1] action brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion to dismiss or in the alternative for summary judgment filed on December 19, 2008. 28 U.S.C. § 636(b).

On October 6, 2008, the plaintiff, Dean Lucas, sued M. L. Rivera, the Warden of Estill federal prison, where the plaintiff is housed, the U.S. Attorney for the District of South Carolina, and the Attorney General of the United States.

---

[1] See, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law.

1

Plaintiff filed an amended complaint on October 30, 2008, which reads:

> I am of Jewish faith, and had requested that this institution offer Kosher shelf stable meals offered by Aleph be added to the commissary for sale. Aleph is an approved vendor by the Bureau of Prisons, and currently sells to seven other Federal prisons. The Aleph Institute charges $3.00 per meal, and does not allow the prisons to mark up their products for sale to the inmates.
>
> Relief: I am respectfully requesting that this institution offer for sale Kosher shelf stable meals for sale at the price of $3.00 as other institutions in the Bureau of Prisons have already done.

The plaintiff was provided copies of the defendants' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed an unverified response to the motion on January 15, 2009. Hence it appears consideration of the motion is appropriate.

## DISCUSSION

A review of the record and relevant case law reveals that the defendants' motions to dismiss or for summary judgment should be granted and this action ended.

Plaintiff has simply failed to state a claim of constitutional proportions. His complaint is not that he is unable to maintain a Kosher diet at Estill. It is not that the institution does not offer Kosher shelf stable meals. In his

opposition to the defendants' motion, he clarified that he was not even complaining that the institution does not offer Kosher shelf stable meals sold by Aleph Industries. He is claiming that the institution should sell the meals for $3.00 instead of the current price of over $5.25.

Plaintiff has no right protected by the constitution[2] to buy items at the lowest price possible. At least one circuit court, however, has held that a prisoner has no constitutional right to purchase items as cheaply as possible. McCall v. Keefe Supply Co., 2003 WL 21716435 at 1, 71 Fed. Appx. 779, 780 (10th Cir. 2003). Further, there is no legal basis to demand that inmates be offered items to be purchased at or near cost. French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980); see also, Pepper v. Carroll, 423 F.Supp.2d 442, 449 (D. Del. 2006) (prisoner has no constitutionally protected right to purchase commissary items as cheaply as possible); Rodriguez v. Swanson Serv. Corp., No. 01-117-P-C, 2001 WL 506871 at 1 (D. Me. 2001) (commissary pricing does not implicate constitutional concerns); Hopkins v. Keefe Commissary Network Sales, No. 07-745, 2007 WL 2080480 at 5 (W.D.Pa. 2007) (no right to restrain commissary from charging

---

[2] The defendants also analyzed this action as one brought pursuant to the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1(a), and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), but there is nothing in the pleadings to indicate that the plaintiff is attempting to plead any RFRA or RLUIPA cause of action.

even exorbitant prices); <u>Trujillo v. Young</u>, 2003 WL 23312781 at 3 (W.D.Va. 2003) (prisoner has no protected right to purchase commissary items at low prices).

In any event, Plaintiff's claim of overcharging does not implicate the Constitution and should be dismissed.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion be granted, any other motions be denied as moot, and this action ended.

                              Respectfully Submitted,

                              Robert S. Carr
                              United States Magistrate Judge

Charleston, South Carolina

February 4, 2009

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

5